Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Civil Division

| | | |
|---|---|---|
| | | Case No. **5:25-CV-471 SDMPRL** |
| Ivan Rondon | ) | |
| _____ | ) | *(to be filled in by the Clerk's Office)* |
| Plaintiff(s) | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| **-v-** | ) | |
| | ) | |
| | ) | |
| Sheriff Billy Woods, Marion County Sheriff's | ) | |
| Department, Marion County Jail | ) | |
| _____ | ) | |
| Defendant(s) | ) | |
| *(Write the full name of each defendant who is being sued.  If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.  Do not include addresses here.)* | ) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Page of 14

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Ivan Rondon |
| All other names by which you have been known: | |
| ID Number | |
| Current Institution | |
| Address | 156  Marion Oaks Lane |
| | Ocala                FL                34473 |
| | *City*          *State*          *Zip Code* |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Sheriff Billy Woods |
| Job or Title *(if known)* | Sheriff of Marion County |
| Shield Number | |
| Employer | |
| Address | 692 NW 30th Ave |
| | Ocala                FL                34475 |
| | *City*          *State*          *Zip Code* |

Individual capacity      x   Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Marion County Sheriff's Department |
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | |
| Address | 692 NW 30th Ave |

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

| Ocala | FL | 34475 |
|---|---|---|
| *City* | *State* | *Zip Code* |

Individual capacity    x    Official capacity

Defendant No. 3

Name                                  Marion County Jail

Job or Title *(if known)*

Shield Number

Employer

Address                               700 NW 30th Ave

| Ocala | FL | 34475 |
|---|---|---|
| *City* | *State* | *Zip Code* |

☐ Individual capacity    x    Official capacity

Defendant No. 4

Name

Job or Title *(if known)*

Shield Number

Employer

Address

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

☐ Individual capacity    ☐ Official capacity

## II.      Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.      Are you bringing suit against *(check all that apply)*:

        ˍ federal officials (a *Bivens* claim)

    x   State or local officials (a § 1983 claim)

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983.  If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

42 U.S.C 1983, I am suing state and local officials for the deprivation of my rights, privileges, or immunities secured by the Constitution and federal laws.

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights.  If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Eighth Amendment: Protection against cruel and unusual punishment

Fourteenth Amendment: Right to due process and equal protection

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

I, Ivan Rondon, bring this civil rights action under 42 U.S.C § 1983 because I was unlawfully detained at the Marion County Jail on November 17 and 18, 2024, even though I had fully complied with all court-ordered requirements for my release. I had paid my child support purge in full on July 14, 2024, and posted a $25,000 bond through A-1 Bail Bonds on July 16, 2024. Despite this, I was held in custody due to administrative negligence and failure to process my release in a timely manner.

While detained, I was denied access to my prescribed psychiatric medications for schizophrenia and anxiety. This caused me severe emotional distress, hallucinations, paranoia, and panic. I was also involved in two physical altercations with inmates due to the denial of a bottom bunk accommodation, which resulted in injuries to my jaw and a fractured toe. I was not given proper

Sgt. Bowley, who was the supervising officer during my incarceration, told me I had a hold and that I wasn't going anywhere, even though there was no legal reason to keep me detained. My ex-girlfriend Brenda Weber, who posted the bond and brought physical proof of my compliance, was repeatedly told by jail staff that I would be released "any minute," yet nothing was done. She can ... to my deteriorated mental and physical condition upon my release.

I allege that the Defendants acted under color of law and violated my rights under the Eighth Amendment (by showing deliberate indifference to my medical needs), the Fourteenth Amendment (by unlawfully detaining me without due process), and Florida state law regarding detainee rights. Their actions resulted in serious psychological, financial, and physical harm.

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows (check all that apply):

☒  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☐  Convicted and sentenced state prisoner

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐　　　Convicted and sentenced federal prisoner

☐　　　Other *(explain)*　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

## IV.　Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.　　　If the events giving rise to your claim arose outside an institution, describe where and when they arose.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

B.　　　If the events giving rise to your claim arose in an institution, describe where and when they arose.

Marion County Jail, Marion County, Ocala, FL November 17 and 18, 2024

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

C.　　　What date and approximate time did the events giving rise to your claim(s) occur?

On November 17 and 18, 2024,

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

D.　　　What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

I, Ivan Rondon, bring this action under 42 U.S.C. § 1983 against the above-named Defendants for the violation of my civil rights guaranteed under the Eighth and Fourteenth Amendments to the United States Constitution.

Despite complying fully with legal requirements for my release—including payment of a purge amount in full and the posting of a valid bond—I was unlawfully detained at the Marion County Jail on November 17 and 18, 2024. My repeated verbal and documented pleas for release were ignored by jail personnel, particularly Sgt. Bowley, who explicitly told me, "You're not going anywhere," despite my showing proof of bond and purge clearance.

During this unlawful detention, I was denied access to my psychiatric medications prescribed for schizophrenia and anxiety. The jail's deliberate indifference caused my condition to worsen severely, resulting in hallucinations, paranoia, and emotional breakdowns. I was physically injured in two altercations and received no medical assistance, despite visible injuries and verbal reports to staff.

My ex-girlfriend, Brenda Weber, who posted my bond and provided documentation to the jail, was ignored and treated with contempt. My aunt, Antonia Rondon, also verified the purge payment with the Clerk and contacted the jail to no avail.

This complaint seeks damages for emotional distress, physical harm, and financial loss resulting from this violation of my constitutional and statutory rights.

SEE ATTACHED COMPLAINT

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

V.    **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I suffered the following injuries due to the Defendants' actions:

A jaw injury sustained during an altercation with another inmate due to improper cell assignment.

A broken left toe resulting from another altercation caused by overcrowding and negligence.

Severe emotional distress, PTSD, and exacerbation of my schizophrenia and anxiety due to the denial of necessary medical care.

Racial trauma and humiliation as a result of being mocked and targeted based on my ethnicity.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I request the following relief from the Court:

Emotional Distress and Physical Injury: $500,000 for severe mental anguish, PTSD, and exacerbation of schizophrenia & compensation for medical treatment, racial trauma and ongoing pain from the jaw injury.

Lost Wages: $5,000 for income lost during my wrongful detention.

Legal Fees such as assistance with document preparation, research etc: $2,500

Reimbursement: $998 for the overpayment of child support.

Punitive damages as deemed appropriate by the Court.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

x   Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Marion County Jail, Marion County, Ocala, FL

_____

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Ye

☐ No

x   Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

x   Do not know

Page  of 14

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐  Yes

x  No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

_____

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

x  No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
Plaintiff(s)   _____
Defendant(s)  _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*
_____

3.  Docket or index number
_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

4.   Name of Judge assigned to your case

_____

5.   Approximate date of filing lawsuit

_____

6.   Is the case still pending?

☐  Yes

☐  No

If no, give the approximate date of disposition.   _____

7.   What was the result of the case?  *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

_____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s)    _____
     Defendant(s)   _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*

_____

4.   What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

F.    If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

I am unaware of any grievance process.

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

I sent an official Demand Letter to Sheriff Billy Woods and the Marion County Sheriff Department and received no response.

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

If yes, which claim(s)?

_____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

X  No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

X  No

E.      If you did file a grievance:

1.    Where did you file the grievance?

_____

2.    What did you claim in your grievance?

_____

3.    What was the result, if any?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition    _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

## IX.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause

nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable

requirements of Rule 11.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.      **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case—related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    1-23-25

Signature of Plaintiff

Printed Name of Plaintiff      Ivan Rondon

Prison Identification #

Prison Address

|  | City | State | Zip Code |
|---|---|---|---|

B.      **For Attorneys**

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

# IN THE UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

Case No.:_____

Division: Civil

**Ivan Rondon,**
**Plaintiff,**
**v.**
**Sheriff Billy Woods,**
**Marion County Sheriff's Department,**
**Marion County Jail,**
**Defendants.**

---

## VERIFIED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

**(Pursuant to 42 U.S.C. § 1983 – Wrongful Detention, Medical Neglect, and Physical Injury)**

---

## I. INTRODUCTION

I, Ivan Rondon, bring this action under 42 U.S.C. § 1983 against the above-named Defendants for the violation of my civil rights guaranteed under the Eighth and Fourteenth Amendments to the United States Constitution.

Despite complying fully with legal requirements for my release—including payment of a purge amount in full and the posting of a valid bond—I was unlawfully detained at the Marion County Jail on November 17 and 18, 2024. My repeated verbal and documented pleas for release were ignored by jail personnel, particularly **Sgt. Bowley**, who explicitly told me, "You're not going anywhere," despite my showing proof of bond and purge clearance.

During this unlawful detention, I was denied access to my psychiatric medications prescribed for **schizophrenia and anxiety**. The jail's deliberate indifference caused my condition to worsen severely, resulting in hallucinations, paranoia, and emotional breakdowns. I was physically injured in two altercations and received no medical assistance, despite visible injuries and verbal reports to staff.

My ex-girlfriend, **Brenda Weber**, who posted my bond and provided documentation to the jail, was ignored and treated with contempt. My grandmother, **Antonia Rondon**, also verified the purge payment with the Clerk and contacted the jail to no avail.

This complaint seeks damages for emotional distress, physical harm, and financial loss resulting from this violation of my constitutional and statutory rights.

---

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights). Venue is proper under 28 U.S.C. § 1391(b), as all acts or omissions occurred in Marion County, Florida, which lies within the Middle District of Florida.

---

## III. PARTIES

- **Plaintiff:** Ivan Rondon, a resident of Marion County, Florida.

- **Defendant: Sheriff Billy Woods**, in his official capacity as Sheriff of Marion County, responsible for jail oversight.

- **Defendant: Marion County Sheriff's Department**, a local government agency tasked with staffing, training, and supervising jail personnel.

- **Defendant: Marion County Jail**, a facility operated by the Sheriff's Department, where the violations occurred.

## IV. STATEMENT OF FACTS

1. I, **Ivan Rondon**, was incarcerated at the Marion County Jail in 2024 while facing both a felony case and a child support enforcement matter.

2. On **July 15, 2024**, I paid the full **purge amount of $1,198** toward child support, despite the court having reduced the necessary amount to **$200**. This amount was confirmed paid and processed by the Clerk of Court.

3. On **July 16, 2024**, a **$25,000 bond** was posted on my behalf by **Brenda Weber**, my former partner and indemnitor, through **A-1 Bail Bonds**. Documentation of this bond payment was provided to jail staff and is attached as **Exhibit B**.

4. I should have been released immediately upon the posting of bond and purge payment. Instead, I remained in custody without justification through **November 17 and November 18, 2024**, due to administrative delays, negligence, and deliberate misconduct.

5. On **November 17**, I was told by **Sgt. Bowley** that I had either "an immigration hold" or "child support hold," even though I had proof both had been resolved. When I tried to show my documentation, Sgt. Bowley said:

   "You're not going anywhere."
   and walked away without further explanation.

6. My ex-girlfriend and bond indemnitor, **Brenda Weber**, made **numerous calls** to the **booking department**, asking why I hadn't been released. She was told each time that I would be released "any minute." Jail staff **never actually released me** and refused to escalate the matter.

7. Ms. Weber also **appeared in person** at the jail with paperwork verifying the bond and purge had been satisfied. Jail staff **refused to speak with her** beyond stating they "would look into it" and then hung up or ignored her presence. Her **notarized affidavit** is attached as **Exhibit D**.

8. At the time of detention, I had been diagnosed with **schizophrenia and anxiety** and was under active treatment, taking the following medications:

   ○ **Risperidone (Risperdal)**

   ○ **Buspirone**

9. While in custody on November 17–18, I was **denied access to these medications**, despite multiple verbal requests and knowledge of my condition in the jail system. The denial caused **paranoia, auditory hallucinations, and panic attacks**, for which I received **no medical treatment**.

10. On the evening of **November 17**, I was involved in a **physical altercation with another inmate** over access to a bottom bunk. I suffered a **jaw injury** during the incident.

11. On **November 18**, I was again assaulted and fell awkwardly, resulting in a **fractured left toe**. I notified jail staff immediately, but **no medical care was offered or administered**.

12. I **submitted multiple grievances and requests for medical attention**, which were ignored. These grievances are referenced in **Exhibit G**, along with available screenshots and documents.

13. After my release, Ms. Weber witnessed the **mental disorientation and emotional breakdown** I experienced. I was crying, confused, and physically limping. She also observed swelling in my jaw and bruising on my foot. Her affidavit confirms these observations.

14. **Antonia Rondon**, my grandmother, independently confirmed with the **Marion County Clerk of Court** that no further holds existed on my record. She called the jail, presented this information, and was similarly **ignored by jail staff**.

15. I was eventually released after more than **48 hours** of unlawful detention, during which I endured **severe psychological trauma, physical pain, humiliation, and medical neglect**.

## V. LEGAL CLAIMS

This action is brought pursuant to 42 U.S.C. § 1983 for violations of my civil and constitutional rights. The Defendants' conduct constitutes unlawful detention, deliberate indifference to medical needs, and negligence under both federal and Florida law.

**Count 1 – Violation of Fourteenth Amendment: Unlawful Detention**

(Against All Defendants)

- I was held in custody for more than 48 hours after having satisfied all legal and financial conditions for release.

- No lawful basis existed to detain me beyond the time necessary to process my release.

- This constituted a violation of my **right to due process** under the Fourteenth Amendment.

- **Ethnic Discrimination and Unlawful Hold** I, Ivan Rondon, am a United States citizen of Puerto Rican descent. The fact that I was forced to remain incarcerated for nearly two days—**despite having posted bond and paid my child support purge in full, and then some—is not only unlawful, but a blatant abuse of power**. I was told I was being held due to an "immigration issue" or "child support hold," neither of which were valid. I had already satisfied all legal conditions for my release. It is deeply troubling that jail staff would make assumptions about my immigration status based solely on my ethnicity. To be detained further under an alleged immigration hold—when no such hold existed—is discriminatory and unethical. I have always been a legal U.S. citizen, and the treatment I endured is not only unjust but reflective of systemic racial profiling and institutional neglect. No individual should ever be presumed "illegal" because of the color of their skin or heritage. Such assumptions violate the core principles of due process and equal protection under the law.

**Supporting Case Law:**

- *Harris v. Campbell*, 804 F. Supp. 153 (M.D. Fla. 1992): A delay in release after bond was posted constituted a violation of due process rights.

- *Baker v. McCollan*, 443 U.S. 137 (1979): A detainee held past the proper release date may state a claim for constitutional violation.

- ***Neville Brooks v. Marion County (Florida)***

  In *Neville Brooks v. Marion County, Florida* (Case No. unavailable; settled pre-trial), the Plaintiff, Mr. Brooks, was unlawfully detained at the **Marion County Jail** for approximately **12 hours** after a court had ordered his release. As a result of the jail's failure to process his release promptly, Marion County agreed to settle the

case for **$150,000**. The case demonstrates that even **short-term overdetentions** can result in significant civil liability when they violate a person's due process rights.

In my case, I was detained for **more than 48 hours—four times longer** than Mr. Brooks—despite having paid my child support purge and posted a $25,000 bond. Moreover, I was denied psychiatric medication, subjected to physical assaults, and ignored by jail staff, including Sgt. Bowley. The length and severity of my detention, combined with the mistreatment I endured, support a substantial claim for compensatory and punitive damages exceeding that awarded in *Brooks*.

- **How It Applies to My Case:**

  Like the plaintiff in *Brooks*, I had fully met the legal requirements for release—including payment of my child support purge and bond—but was still detained for **over 48 hours** due to the jail's failure to update and process my release. I informed officers and staff of the error, and outside witnesses (including Brenda Weber) made repeated efforts to intervene, all of which were ignored or dismissed. This prolonged detention was not a mistake—it was deliberate indifference to my constitutional rights.

**Count 2 – Violation of Eighth Amendment: Denial of Medical Care**

(Against All Defendants)

- I was diagnosed with schizophrenia and anxiety and prescribed medications (Risperdal and Buspirone).

- Jail staff were notified of my medical conditions and medication needs but denied access during my detention.

- I was also injured in two inmate altercations (jaw injury, fractured toe), but received no medical attention despite clear signs of injury and verbal reports.

**This constitutes cruel and unusual punishment under the Eighth Amendment.**

**Supporting Case Law:**

- *Estelle v. Gamble*, 429 U.S. 97 (1976): Deliberate indifference to serious medical needs violates the Eighth Amendment.

- *West v. Atkins*, 487 U.S. 42 (1988): Medical staff under state control who deny care are subject to § 1983 liability.

- *Farmer v. Brennan*, 511 U.S. 825 (1994): Established the standard for deliberate indifference to a prisoner's health or safety.

---

**Count 3 – Failure to Train and Supervise / Municipal Liability**

(Against Sheriff Billy Woods and the Marion County Sheriff's Department)

- The repeated denial of release, ignoring court orders, and medical neglect reflect systemic failures in training and supervision.

- Staff acted with deliberate indifference under policies tolerated by supervisory officials.

**Supporting Case Law:**

- *City of Canton v. Harris*, 489 U.S. 378 (1989): A municipality may be liable for failure to train that results in constitutional violations.

- *Brown v. City of Huntsville*, 608 F.3d 724 (11th Cir. 2010): Policy failures and neglect can create § 1983 liability.

---

**Count 4 – Negligence Under Florida Law (Fla. Stat. § 768.28)**

(Against All Defendants)

- The failure to process my release, prevent inmate-on-inmate violence, and provide medical care constitutes actionable negligence under state law.

**Supporting Statute:**

- **Florida Statutes § 768.28**: Waives sovereign immunity in tort actions and allows suit for negligent acts of state employees.

---

**Count 5 – Violation of Florida Detainee Rights (Fla. Stat. § 951.23)**

(Against Marion County Jail)

- The jail failed to provide basic medical treatment, safe housing accommodations, and compliance with lawful court orders.

- Florida law requires that detainees be given access to medical care and proper custodial treatment.

**Supporting Statute:**

- **Florida Statutes § 951.23(5)**: Mandates medical care and minimum standards in county detention facilities.

## VI. DAMAGES

As a direct and proximate result of the Defendants' actions and omissions, I have suffered significant harm and seek the following relief:

---

### A. Compensatory Damages

**Emotional Distress – $500,000**

- Resulting from psychiatric decompensation due to denial of prescribed medications

- PTSD, paranoia, auditory hallucinations, and panic attacks

- Humiliation and anxiety from being told I was lying despite showing proof

- Severe emotional trauma experienced during and after release

**Lost Wages – $5,000**

- Lost income from two missed workdays and appointments following unlawful detention

**Legal Expenses – $2,500**

- Costs associated with hiring a legal document preparator to help with preparation of documents to address wrongful detention

**Overpayment of Purge – $998**

- The court reduced the purge amount to $200, but I was forced to pay $1,198 without reimbursement

**Medical Treatment – TBD**

- Future costs associated with treating:

- ■ Fractured toe

- ■ Jaw injury

- ■ Psychiatric re-evaluation and follow-up care

- ○ I reserve the right to supplement these costs with medical billing records as they become available

---

### B. Punitive Damages

To punish and deter future deliberate indifference, I seek punitive damages against Sheriff Billy Woods and any responsible officials in their individual capacities, in an amount to be determined by the Court.

---

### C. Injunctive and Declaratory Relief

#### 1. Policy Review and Reform

- ○ An order requiring the Marion County Sheriff's Department and Jail to:

  - ■ Review and revise procedures regarding the timely release of detainees

  - ■ Ensure proper verification of bond and purge compliance

  - ■ Implement strict medication continuity procedures for diagnosed psychiatric conditions

#### 2. Declaratory Judgment

- ○ Declaring that the Defendants' conduct violated my rights under the Eighth and Fourteenth Amendments of the U.S. Constitution and Florida law

# VII. EXHIBITS

**Exhibit A – Proof of Child Support Purge Payment**

- Receipt showing payment of **$1,198** on **July 15, 2024**

- Confirms full compliance with the court's purge order

**Exhibit B – Bond Documentation**

- A-1 Bail Bonds receipt and indemnitor form dated **July 16, 2024**

- Verifies that bond was paid in full

**Exhibit C – Psychiatric Diagnosis and Medication Records**

- Documentation confirming Plaintiff's diagnosis of **schizophrenia** and **anxiety**

- Includes prescriptions for **Risperdal** and **Buspirone**

**Exhibit D – Notarized Affidavit of Brenda Weber**

- Eyewitness account verifying Plaintiff's bond posting, denial of release, and condition after release

- Details her phone calls and in-person interactions with jail staff

**Exhibit E – Names and Shifts of Jail Officers**

- Roster showing correctional staff working on **November 17–18, 2024**

- Identifies **Sgt. Bowley**, who denied release and misinformed Plaintiff

## VIII. WITNESS LIST

The following individuals are expected to provide testimony supporting my claims of wrongful detention, denial of medical care, and resulting injuries:

**1. Brenda Weber**

- Role: Ex-girlfriend and bond indemnitor

- Testimony:

    - Posted my $25,000 bond through A-1 Bail Bonds on July 16, 2024

    - Called the Marion County Jail multiple times and visited in person to confirm my release

    - Spoke with multiple officers who said I would be released "soon," yet nothing was done

    - Witnessed my condition upon release, including visible signs of injury, emotional distress, and mental instability

    - Observed me limping, in pain, and suffering paranoia and panic symptoms

**2. A-1 Bail Bonds Representative**

- Role: Bond agent

- Testimony:

    - Bond was properly posted and all paperwork completed

    - Provided confirmation to the jail staff

    - Will verify that there were no outstanding holds preventing release

**3. Clerk of Court – Marion County**

- Role: Court records custodian

- Testimony:

    - Confirms the child support purge payment of $1,198 was made in full on July 15, 2024

  - o   Will verify there was no legal basis for continued detention

**4. Sgt. Bowley (Marion County Jail)**

- Role: Jail Sergeant on duty

- Testimony:

  - o   Told me falsely that I had an "immigration hold" or a "child support hold"

  - o   Stated, "You're not going anywhere," despite my bond and purge being cleared

  - o   Was responsible for delaying my release and mocking my concerns

  - o   Failed to process or escalate my attempts to show proof of compliance

**5. Correctional Officers on Duty – Nov. 17–18, 2024**

- Role: Jail staff involved in intake, classification, and medical response

- Testimony:

  - o   Failed to respond to repeated medical complaints

  - o   Refused to administer prescribed medications or check medical alerts

  - o   Denied access to medical services after both physical altercations

**6. Jail Medical Staff (Unidentified)**

- Role: On-site nurses or paramedics

- Testimony:

  - o   Present during intake and injury complaints

  - o   Neglected to provide any evaluation or treatment for visible injuries

  - o   Ignored medical alerts for existing psychiatric conditions

## IX. PRAYER FOR RELIEF

WHEREFORE, I respectfully request that this Honorable Court grant the following relief:

1. **Compensatory Damages** in the amount of **$508,498**, covering:

   o   Emotional distress and mental health deterioration

   o   Lost wages

   o   Legal costs

   o   Reimbursement for overpaid purge

2. **Punitive Damages** in an amount to be determined by the Court, to deter future violations and punish egregious misconduct

3. **Injunctive Relief** ordering the Marion County Sheriff's Department and Jail to:

   o   Reform internal procedures for detainee release processing

   o   Establish a mandatory protocol for continuation of medical care, especially for psychiatric conditions

   o   Conduct independent review of detention policies and staff conduct related to this matter

4. **Declaratory Judgment** stating that:

   o   My detention violated the **Fourteenth Amendment** due process protections

   o   The denial of psychiatric medications violated the **Eighth Amendment** ban on cruel and unusual punishment

   o   The Defendants failed in their statutory duties under **Florida Statutes §§ 768.28 and 951.23**

5. **Any further relief** that this Court deems just and proper under the law

# X. CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Verified Complaint for Violation of Civil Rights has been furnished by U.S. Mail and/or Certified Mail on this ___ day of ___7-23___ , 2025, to the following:

**Sheriff Billy Woods**
Marion County Sheriff's Office
692 NW 30th Avenue
Ocala, FL 34475

**Marion County Jail**
700 NW 30th Avenue
Ocala, FL 34475

**Respectfully submitted,**

Ivan Rondon
156 Marion Oaks Lane
Ocala, FL 34473
Email: Redemption1128@gmail.com
Phone: (352) 496-2592
**Pro Se Plaintiff**

Exhibit A - Proof of Child Support Purge Payment

Receipt showing payment of $1,198 on July 14, 2024.

Confirms full compliance with the court's purge order.

# RECEIPT
## PAYMENT OF CHILD SUPPORT PURGE

27884

> **WARNING:**
> Anti-Alteration/Forgery features
> are included in this receipt.

County Issued: **MARION**          Date of Issuance: **11.15.2021**

Clerk's Office: **MARION**          Law Enforcement Agency: **MCSO**
(County)                                    (Sheriff's Office/Department)

### Parent Who Owes Support

Name: **IVAN RONDON**

Address: **1516 MARION OAKS LANE OCALA, FL 34473**

Telephone Number: **N/A**

Race: **HISPANIC**   Sex: **MALE**   Date of Birth: **11.28.1980**

S. S. #: **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**   Driver License #: **R535400804280**

Place of Employment: **N/A**

Address: **N/A**

Work Telephone: **N/A**   Court Case #: **C10-1645-DR**

Date of Writ: **10.19.2020**   Amount of Purge Paid: $ **1,198.00**

Type of payment: ☒ Cash ☐ Check ☐ Money order ☐ Other

#### Payment made by Parent Who Owes Support:

_____ hereby acknowledge and declare that it is my duty pursuant to section 61.11, Florida Statutes, to carry on my person this receipt for thirty (30) days after date of payment. Further, I understand that my failure to retain this receipt and carry it on my person for the thirty (30) days as required may result in my detention for failure to pay support. In such case, I also understand that I am assuming the risk of detention as a result of my failure to carry this receipt as required, and that said assumption of the risk shall be a defense to any civil action or claim for false arrest or false imprisonment.

_____ / _____

Signature of Payor   / Date   Payment received by (print name) / Date

#### Payment made by someone other than Parent Who Owes Support:

**BRENDA WEBER** _____ hereby acknowledge that I am making payment for the person identified above. I understand that state law mandates that this receipt be carried on his/her person for thirty (30) days after the date of this payment. I agree to assume the responsibility of forwarding this receipt to the person identified above so that they can comply with state law. I also understand that my failure to forward this receipt to him/her could result in their detention for failure to pay support.

**Brenda Weber**   **ASHLEE R. 11.15.2021**

Signature of Payor, if not Respondent / Date   Payment received by (print name) / Date

S-300, R. 07/96

**Original-Payor's copy, Canary-Sheriff's copy, Pink-Clerk's copy, Gold-File copy**

Gold copy remains in receipt book for audit purposes

**American Surety Company** • P.O. Box 68932 • Indianapolis, Indiana 46268
# FINANCIAL STATEMENT AND INDEMNITY AGREEMENT

**AGENT:** Thompson, Amanda     **EXECUTION DATE:** 11/16/2021     **BAIL AMOUNT:** $25000.00

The undersigned defendant desires American Surety Company (hereinafter called "Surety") to execute, or cause to be executed, the bond herein applied for. Defendant makes answers to the question below, and every answer is warranted to be true without any mental reservations whatever.

The following terms and conditions are an integral part this Application Bond No. AS5-1411522 ($5000.00), AS5-1411523 ($5000.00), AS5-1411524 ($5000.00), AS5-1411525 ($2000.00), AS15-582601 ($7000.00), AS5-1411526 ($1000.00) dated 16th day of November, 2021 for which Surety or its Agent shall recieve a premium in the amount of

Two Thousand Five Hundred Dollars and Zero Cents        Dollars (    $2500.00    )

and the parties agree that said Appearance Bond is conditioned upon full compliance of the following:

1. Surety shall have control and jurisdiction over the Defendant during the term for which the Bond is executed and shall have the right to apprehend, arrest and surrender the Defendant to the proper officials at any time provided by law.
2. In the event surrender of defendant is made prior to the time set for Defendant's appearances, and for reason other than as enumerated below in paragraph 3, then Defendant shall be entitled to a refund of the bond premium.
3. It is understood and agreed that the happening of any one of the following events shall constitute a breach of Defendant's obligations to Surety, and Surety shall have the right to forthwith apprehend, arrest, and surrender Defendant, and Defendant shall have no right to any refund of premium whatsoever.
   (a) If Defendant shall depart the jurisdiction of the court without the written consent of the court and Surety, or it's Agent.
   (b) If Defendant shall move from one address to another without notifying Surety, or its Agent in writing prior to said move.
   (c) If Defendant shall commit any act which shall constitute reasonable evidence of Defendant's intention to cause a forfeiture of said bond.
   (d) If Defendant is arrested and incarcerated for any offense other than a minor traffic violation.
   (e) If Defendant shall make any material false statement in the Application.
   NOTICE: Should any dispute arise, write to American Surety Company, P.O. Box 68932, Indianapolis, IN 46268 or call (317) 865-8700. If the dispute cannot be resolved you may also write to the Bail Bond Regulatory Board, Dept. of Insurance, Room 546A, Lawson Building, Tallahassee, Florida 32399-0300 or call (850) 413-5650. This notice of procedure is for information only and does not become a part or condition of the bond.

NAME OF DEFENDANT RONDON, IVAN       PHONE NO. _____ CELL NO. _____

RESIDENCE ADDRESS _____ CITY _____ ST_____ ZIP _____

SOCIAL SECURITY # _____ D.O.B _____

      The Defendant hereby warrants that the following declarations made and answers given are the truth without reservation and are made for the purpose of inducing the Surety to become surety or to procure suretyship on the bond or undertaking applied for herein, with the intent and purpose that they be relied on fully.

      In addition, the Defendant hereby authorizes and directs his relatives, employers, bankers, the Federal Social Security Administration, the Internal Revenue, the state Department of Disability Insurance, the United States Armed Forces, the state Division of Motor Vehicles, all Municipal, County, State and Federal Law Enforcement Agencies and any other persons or organizations having information concerning the Defendant's whereabouts to give such information to American Surety Company and its assigns and/or duly authorized representatives. The Defendant understands that any information obtained will be used for the purpose of securing his or her appearance and/or apprehension for Court appearance, and for the purpose of securing reimbursement for any expenses incurred as a result of Defendant's non-appearance. The Defendant hereby waives his or her rights with respect to the Privacy Act and authorizes the use of copies of this document by American Surety Company and its assigns and/or fully authorized representatives. In addition, if the Defendant escapes from the custody of American Surety Company and is subsequently captured in a State of the United States other than one in which the original charge was filed, or in a foreign country, the Defendant does hereby agree to return voluntarily to the State of original jurisdiction, and does hereby waive extradition proceedings and further consents to the application of such force as may be necessary to effect such returns.

      The Defendant hereby acknowledges receipt of a copy of this Application of Appearance Bond and has received a copy of all other documents signed relating to the bond(s).

Signed and delivered this 16th day of November, 2021

**DEFENDANT** X _____      AGENT _____ Thompson, Amanda

_____
SIGN HERE

Exhibit B - Bond Documentation


A-1 Bail Bonds receipt and indemnitor form dated July 16, 2024.

Verifies that bond was paid in full.



Certified a True Copy
of __5__ page document
this __5o__ day of __8__ 20_24_
GREGORY C. HARRELL
Clerk of Court and Comptroller
By _____ D.C.

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA

STATE OF FLORIDA, Department
of Revenue, Child Support Enforcement
Program, on behalf of:

_Konstantina Vasiliou_
Petitioner

vs.

_Ivan Rondon_
Respondent.

CASE NO.: 42-2006-DR-1645-HG

Filed in the Office of Clerk of Court and Comptroller
Marion County, Florida

on _NOV.15_ 20_21_

BY _Dalenen_

_____/

### ORDER ON REVIEW AFTER INCARCERATION ON WRIT OF ATTACHMENT FOR NON-PAYMENT OF CHILD SUPPORT

THIS CAUSE came before the Court on this _14th_ day of _November_, 20_21_ after Respondent's incarceration on writ of attachment for nonpayment of child support. The Court having heard the evidence presented and being fully advised in the premises, makes the following findings:

1. A writ of bodily attachment was previously issued. Upon arrest, the Respondent was timely brought before this Court.

2. Based upon the evidence presented, the Court finds that the Respondent: (*mark one only*):

    _____ Has the present ability to pay the purge as previously ordered.

    or ___✓___ Has the present ability to pay the purge but not in the amount previously ordered.

    or _____ Does not have the present ability to pay a purge.

3. Specific findings in support of the Court 's conclusion: _Defendant appears fit and able-bodied — can work for Grandma Then — 14-tour — Respondent admitted to:_

4. Respondent's current address is: _156 Marion Oaks Lane, Ocala, FL 34473_

5. Respondent's current phone number is: _(352) 347-5972_

IT IS THEREFORE ORDERED as follows:

A. The Respondent shall: (*mark one only*):

    ___✓___ 1) Be incarcerated in the Marion County Jail (mark either (a) or (b), specifying the maximum number of days if (b) is chosen, and indicate the amount of the purge ordered on review).

    (a) _____ indefinitely but, not to exceed 179 days, OR

ORIGINAL
MCCG CASE IMAGE
NOV 15 '21 AM 8:42

(b) _____ for a period not to exceed ___30___ days, with credit for any time served, or until such earlier time as he/she has paid _____ the original purge as set forth in the writ of bodily attachment, or _____ a lesser purge in the amount of $ _200_ :

____ 2) Be released from incarceration (*mark all that apply*):

_____ Without payment of a purge;

_____ And, following such release, shall pay a purge in the amount of $_____ on or before _____ .

____ 3) Other_____

B. Any period of incarceration ordered herein (*mark one only*) shall be _____concurrent with or _____consecutive to any other sentence the Respondent may already be serving.

C. The law office of Pamela A. Schneider, Esquire, 3 SE 1st Avenue, Gainesville, FL 32601, dor@scwlegal.org, shall be promptly notified of the Respondent's successful payment of the purge amount, or release from the Marion County Jail by the Marion County Sheriff's Office.

D. Respondent shall within seven (7) days of each change of mailing address or residence address notify the Clerk of the Court, Marion County Courthouse, 110 NW First Avenue, Ocala, FL 34475 of such change, in writing, stating in such notice Petitioner's name, Respondent's name, the case number of this case and the new information which Respondent is reporting. (See: Florida Supreme Court Form 12.915, www.flcourts.org)  Mailing of process to the most recent mailing address reflected in the records of the Clerk shall be deemed sufficient service of process for all subsequent proceedings in this action.

E. The Respondent shall continue to keep support obligations current.

F. Pursuant to Rule 12.615(f), Florida Family Law Rules of Procedure, at any time during which the Respondent is incarcerated, the Respondent may file a Motion requesting review of his/her present ability to comply with the purge conditions and the duration of incarceration. Any party affected by the order may move to modify the order at any time.

G. Any and all prior orders not affected by this order shall remain in full force and effect.

DONE and ORDERED in Ocala, Marion County, Florida this _14th_ day of _November_, 20_21_ .

_____
~~Circuit~~ County Judge     on duty

MCCC - CASE INTAKE
NOV 15 '21 AM 8:42

48-Hour Review Order
Revised July 24, 2018 AMC



P: (352) 732-2808 • F: (352) 732-5277
723 N.W. 30th Ave • Ocala, FL 34475
www.ocalabailbonds.com

## INDEMNITOR RESPONSIBLITY AGREEMENT

Indemnitor:

I understand that I am signing responsibility for an inmate's bail bond to release them from custody of the jail. I understand that by signing for the bail bond it becomes my responsibility to make sure the defendant appears to ALL scheduled court appearances. I am in no way relieved of my responsibility on the bond until the case and or cases I've signed for are over and complete.  A-1 Bail Bonds and its employees are not bounty hunters and are NOT going to place a defendant back in jail based on a request. I also understand that I am signing for the duration of the bond and cannot remove my name from the bond because I've changed my mind at a later date.

X _____

Indemnitor Signature:

X _____

Indemnitor Signature:

**American Surety Company**

# FINANCIAL STATEMENT AND INDEMNITY AGREEMENT

| | | |
|---|---|---|
| **DEFENDANT:** RONDON, IVAN | **EXECUTION DATE:** 11/16/2021 | **AGENT:** Thompson, Amanda |

The following terms and conditions are an integral part of the financial Statement and Indemnity Agreement: Application Bond No. AS5-1411522 ($5000.00), AS5-1411523 ($5000.00), AS5-1411524 ($5000.00), AS5-1411525 ($2000.00), AS15-582601 ($7000.00), AS5-1411526 ($1000.00) dated 16th day of November, 2021 for which Surety or its Agent shall recieve a premium in the amount of

Two Thousand Five Hundred  Dollars and Zero Cents                    Dollars (    $2500.00    )

and the parties agree that said Appearance Bond is conditioned upon full compliance of the following:

1. Surety shall have control and jurisdiction over the Defendant during the term for which the Bond is executed and shall have the right to apprehend, arrest and surrender the Defendant to the proper officials at any time provided by law.
2. In the event surrender of defendant is made prior to the time set for Defendant's appearances, and for reason other than as enumerated below in paragraph 3, then Defendant shall be entitled to a refund of the bond premium.
3. It is understood and agreed that the happening of any one of the following events shall constitute a breach of Defendant's obligations to Surety, and Surety shall have the right to forthwith apprehend, arrest, and surrender Defendant, and Defendant shall have no right to any refund of premium whatsoever.
   (a) If Defendant shall depart the jurisdiction of the court without the written consent of the court and Surety, or it's Agent.
   (b) If Defendant shall move from one address to another without notifying Surety, or its Agent in writing prior to said move.
   (c) If Defendant shall commit any act which shall constitute reasonable evidence of Defendant's intention to cause a forfeiture of said bond.
   (d) If Defendant is arrested and incarcerated for any offense other than a minor traffic violation.
   (e) If Defendant shall make any material false statement in the Application.
   **NOTICE:** Should any dispute arise, write to American Surety Company, P.O. Box 68932, Indianapolis, IN 46268 or call (317) 865-8700.  If the dispute cannot be resolved you may also write to the Bail Bond Regulatory Board, Dept. of Insurance, Room 546A, Lawson Building, Tallahassee, Florida 32399-0300 or call (850) 413-5650.  This notice of procedure is for information only and does not become a part or condition of the bond.

## PLEASE FILL OUT COMPLETELY ABOUT YOURSELF

YOUR NAME: _____ PHONE NO:_____ CELL NO: _____ WORK NO: _____

RELATION TO INMATE _____KNOWN INMATE HOW LONG: _____SECURITY #:_____ D.O.B :_____

HOME ADDRESS: _____ CITY:_____ ST: _____ ZIP: _____ HOW LONG?_____

OWN HOME: _____ BUYING HOME: _____ RENTING:_____ AMOUNT OWED $: _____ CURRENT VALUE:_____

EMPLOYED BY: _____ JOB DESCRIPTION:_____ MONTHLY  INCOME: _____ TIME AT JOB:_____

SPOUSE'S NAME: _____ SPOUSE'S PHONE #: _____ DATE OF BIRTH:_____

SPOUSE'S EMPLOYER:_____ WORK#:_____ SPOUSE TIME AT JOB: _____ SPOUSE'S SSN #: _____

YOUR VEHICLE INFO: YEAR:_____ MAKE: _____ MODEL: _____ COLOR:_____ AMOUNT OWED: _____

| YOUR PARENTS NAME | ADDRESS (CITY/STATE) | PHONE NUMBER # |
|---|---|---|
| (MOTHER) | | |
| (FATHER) | | |

### PERSONAL REFERENCES (FRIENDS, NEIGHBORS, CO-WORKERS, ETC)

| NAME | ADDRESS (CITY/STATE) | PHONE NUMBER # |
|---|---|---|
| | | |
| | | |
| | | |

The maker of the above statement hereby authorizes the Surety to confirm the bank balances claimed and all other items comprising said statement.  Are you guarantor upon any other bonds? _____ Endorser upon any note or other obligation? _____ Are there any judgments against you? _____

Explain "yes" answers: _____

Indemnitor initials _A.R_

Co-Indemnitor initials _DW_

Defendant initials _I.R_

**YOU ARE ASSUMING SPECIFIC OBLIGATIONS - READ CAREFULLY! INDEMNITY AGREEMENT**

This AGREEMENT is made by and between the undersigned Defendant, Indemnitors, and American Surety Company

through its duly authorized Agent  A-1 Bail Bonds

WHEREAS, American Surety Company (herinafter called "Surety"), at the request of the Indemnitors has, or is about to become Surety on an appearance bond for RONDON, IVAN, Defendant in the sum of

Twenty Five Thousand  Dollars and Zero Cents                                    Dollars (          $25000.00          )

by its certain bond executed on power of attorney number(s) AS5-1411522 ($5000.00), AS5-1411523 ($5000.00), AS5-1411524 ($5000.00), AS5-1411525

($2000.00), AS15-582601 ($7000.00), AS5-1411526 ($1000.00)

NOW, THEREFORE in consideration of the mutual promises and covenants contained herein, the parties jointly and severally agree as follows:

1. That the Indemnitors will have Defendant forthcoming before the Court named on said Bond at the time(s) therein fixed, and at such other times as may be ordered by the court.
2. For good and valuable consideration, the undersigned principal and/or indemnitor agree(s) to indemnify and hold harmless the Surety Company or its agent for all losses not otherwise prohibited by law or by rules of the department of insurance.  The indemnitors will at all time indemnify and save the Surety harmless from and against any and all claims, demands, liabilities, costs, charges, counsel fees, expenses, suits, orders, judgments or adjudications against it, by reason of its Suretyship, and before the Surety shall be required to pay the same.
3. The Indemnitors agree not to make, or attempt, any transfer of property, real or personal, in which they may have or may acquire any interest, and they agree that the Surety shall have a lien upon all property of Indemnitors for sums due Surety or for which Surety has or may become liable by reason of having executed the Bond referred to herein.
4. That the voucher, or any other evidence of any payment made by the Surety, by reason of this Suretyship, shall, in itself, be conclusive evidence of such payment as to the Indemnitors, their estate, and those entitled to share in their estate, and their successor and assigns.
5. That the Surety may withdraw, at any time provided by law, from its Suretyship upon the Bond or undertaking herein, without liability to any party.
6. That Indemnitors' liability to Surety is not limited to the Bond referred to herein, but shall apply to all other bonds or undertakings issued by Surety at the request of Indemnitors.
7. That Indemnitors' obligations and indemnities as contained herein shall not terminate upon exoneration of the bond or undertaking but shall continue until such time that Surety is relieved of all duties, demands, liabilities, obligations, costs or expenses in any way related hereto.
8. That the waiver by Surety of any breach of any term or condition herein shall not be deemed a waiver of same of any subsequent breach of the same term or conditions, that that failure of any Indemnitor to comply with the terms and conditions herein shall not act as or be construed as a release or waiver as to the remaining Indemnitor who shall remain liable and bound by all provisions of the Agreement.
9. This Agreement shall be construed and enforced under the laws of the State of Florida.  In the event any of the provisions of this Agreement are inconsistent with the laws of this State, this Agreement, as to these provisions only, shall be null and void, and the remainder shall be enforced with the same effect as though such provisions were omitted.
10. The use of the plural herein shall include the singular.  Obligations of the Indemnitors shall be joint and several and the provisions of this Agreement shall be binding upon Indemnitors' heirs, successors, representatives and assigns.

IN WITNESS WHEREOF, the parties have executed this Agreement this 16th day of November, 2021

The undersigned Defendant and Indemnitor(s) acknowledge receipt of this Financial Statement and Indemnity Agreement and have received a copy of all other documents signed relating to the bond(s).

_____          _____
Signature of Defendant                                  Signature of Co-Indemnitor

_____          _____
Signature of Indemnitor                                 Signature of Co-Indemnitor

**American Surety Company** • P.O. Box 68932 • Indianapolis, Indiana 46268

## FINANCIAL STATEMENT AND INDEMNITY AGREEMENT

| **AGENT:** Thompson, Amanda | **EXECUTION DATE:** 11/16/2021 | **BAIL AMOUNT:** $25000.00 |
|---|---|---|

The undersigned defendant desires American Surety Company (hereinafter called "Surety") to execute, or cause to be executed, the bond herein applied for.  Defendant makes answers to the question below, and every answer is warranted to be true without any mental reservations whatever.

The following terms and conditions are an integral part this Application Bond No. AS5-1411522 ($5000.00), AS5-1411523 ($5000.00), AS5-1411524 ($5000.00), AS5-1411525 ($2000.00), AS15-582601 ($7000.00), AS5-1411526 ($1000.00) dated 16th day of November, 2021 for which Surety or its Agent shall recieve a premium in the amount of

Two Thousand Five Hundred  Dollars and Zero Cents          Dollars (     $2500.00     )

and the parties agree that said Appearance Bond is conditioned upon full compliance of the following:

1. Surety shall have control and jurisdiction over the Defendant during the term for which the Bond is executed and shall have the right to apprehend, arrest and surrender the Defendant to the proper officials at any time provided by law.
2. In the event surrender of defendant is made prior to the time set for Defendant's appearances, and for reason other than as enumerated below in paragraph 3, then Defendant shall be entitled to a refund of the bond premium.
3. It is understood and agreed that the happening of any one of the following events shall constitute a breach of Defendant's obligations to Surety, and Surety shall have the right to forthwith apprehend, arrest, and surrender Defendant, and Surety shall have no right to any refund of premium whatsoever.
   (a) If Defendant shall depart the jurisdiction of the court without the written consent of the court and Surety, or it's Agent.
   (b) If Defendant shall move from one address to another without notifying Surety, or its Agent in writing prior to said move.
   (c) If Defendant shall commit any act which shall constitute reasonable evidence of Defendant's intention to cause a forfeiture of said bond.
   (d) If Defendant is arrested and incarcerated for any offense other than a minor traffic violation.
   (e) If Defendant shall make any material false statement in the Application.
   NOTICE:  Should any dispute arise, write to American Surety Company, P.O. Box 68932, Indianapolis, IN 46268 or call (317) 865-8700.  If the dispute cannot be resolved you may also write to the Bail Bond Regulatory Board, Dept. of Insurance, Room 546A, Lawson Building, Tallahassee, Florida 32399-0300 or call (850) 413-5650.  This notice of procedure is for information only and does not become a part or condition of the bond.

NAME OF DEFENDANT  RONDON, IVAN _____     PHONE NO. _____  CELL NO. _____

RESIDENCE ADDRESS _____     CITY _____  ST_____  ZIP _____

SOCIAL SECURITY # _____     D.O.B _____

The Defendant hereby warrants that the following declarations made and answers given are the truth without reservation and are made for the purpose of inducing the Surety to become surety or to procure suretyship on the bond or undertaking applied for herein, with the intent and purpose that they be relied on fully.

In addition, the Defendant hereby authorizes and directs his relatives, employers, bankers, the Federal Social Security Administration, the Internal Revenue, the state Department of Disability Insurance, the United States Armed Forces, the state Division of Motor Vehicles, all Municipal, County, State and Federal Law Enforcement Agencies and any other persons or organizations having information concerning the Defendant's whereabouts to give such information to American Surety Company and its assigns and/or duly authorized representatives.  The Defendant understands that any information obtained will be used for the purpose of securing his or her appearance and/or apprehension for Court appearance, and for the purpose of securing reimbursement for any expenses incurred as a result of Defendant's non-appearance. The Defendant hereby waives his or her rights with respect to the Privacy Act and authorizes the use of copies of this document by American Surety Company and its assigns and/or fully authorized representatives.  In addition, if the Defendant escapes from the custody of American Surety Company and is subsequently captured in a State of the United States other than one in which the original charge was filed, or in a foreign country, the Defendant does hereby agree to return voluntarily to the State of original jurisdiction, and does hereby waive extradition proceedings and further consents to the application of such force as may be necessary to effect such returns.

The Defendant hereby acknowledges receipt of a copy of this Application of Appearance Bond and has received a copy of all other documents signed relating to the bond(s).

Signed and delivered this 16th day of November, 2021

**DEFENDANT** X _____     AGENT _____     Thompson, Amanda

_____
SIGN HERE

**American Surety Company**

# FINANCIAL STATEMENT AND INDEMNITY AGREEMENT

| DEFENDANT: RONDON, IVAN | EXECUTION DATE: 11/16/2021 | AGENT: Thompson, Amanda |
|---|---|---|

The following terms and conditions are an integral part of the financial Statement and Indemnity Agreement: Application Bond No. AS5-1411522 ($5000.00), AS5-1411523 ($5000.00), AS5-1411524 ($5000.00), AS5-1411525 ($2000.00), AS15-582601 ($7000.00), AS5-1411526 ($1000.00) dated 16th day of November, 2021 for which Surety or its Agent shall recieve a premium in the amount of

Two Thousand Five Hundred  Dollars and Zero Cents                     Dollars (        $2500.00        )

and the parties agree that said Appearance Bond is conditioned upon full compliance of the following:

1. Surety shall have control and jurisdiction over the Defendant during the term for which the Bond is executed and shall have the right to apprehend, arrest and surrender the Defendant to the proper officials at any time provided by law.
2. In the event surrender of defendant is made prior to the time set for Defendant's appearances, and for reason other than as enumerated below in paragraph 3, then Defendant shall be entitled to a refund of the bond premium.
3. It is understood and agreed that the happening of any one of the following events shall constitute a breach of Defendant's obligations to Surety, and Surety shall have the right to forthwith apprehend, arrest, and surrender Defendant, and Defendant shall have no right to any refund of premium whatsoever.
   (a) If Defendant shall depart the jurisdiction of the court without the written consent of the court and Surety, or it's Agent.
   (b) If Defendant shall move from one address to another without notifying Surety, or its Agent in writing prior to said move.
   (c) If Defendant shall commit any act which shall constitute reasonable evidence of Defendant's intention to cause a forfeiture of said bond.
   (d) If Defendant is arrested and incarcerated for any offense other than a minor traffic violation.
   (e) If Defendant shall make any material false statement in the Application.
   NOTICE:  Should any dispute arise, write to American Surety Company, P.O. Box 68932, Indianapolis, IN 46268 or call (317) 865-8700.  If the dispute cannot be resolved you may also write to the Bail Bond Regulatory Board, Dept. of Insurance, Room 546A, Lawson Building, Tallahassee, Florida 32399-0300 or call (850) 413-5650.  This notice of procedure is for information only and does not become a part or condition of the bond.

## PLEASE FILL OUT COMPLETELY ABOUT YOURSELF

YOUR NAME: _____ PHONE NO:_____ CELL NO: _____ WORK NO: _____

RELATION TO INMATE _____KNOWN INMATE HOW LONG: _____SECURITY #:_____ D.O.B :_____

HOME ADDRESS: _____ CITY:_____ ST: _____ ZIP: _____ HOW LONG?_____

OWN HOME: _____ BUYING HOME: _____ RENTING:_____ AMOUNT OWED $: _____ CURRENT VALUE:_____

EMPLOYED BY: _____ JOB DESCRIPTION:_____ MONTHLY  INCOME: _____ TIME AT JOB:_____

SPOUSE'S NAME: _____ SPOUSE'S PHONE #: _____ DATE OF BIRTH:_____

SPOUSE'S EMPLOYER:_____ WORK #:_____ SPOUSE TIME AT JOB: _____ SPOUSE'S SSN #:_____

YOUR VEHICLE INFO: YEAR:_____ MAKE: _____ MODEL: _____ COLOR:_____ AMOUNT OWED: _____

| YOUR PARENTS NAME | ADDRESS (CITY/STATE) | PHONE NUMBER # |
|---|---|---|
| (MOTHER) | | |
| (FATHER) | | |

## PERSONAL REFERENCES (FRIENDS, NEIGHBORS, CO-WORKERS, ETC)

| NAME | ADDRESS (CITY/STATE) | PHONE NUMBER # |
|---|---|---|
| | | |
| | | |
| | | |

The maker of the above statement hereby authorizes the Surety to confirm the bank balances claimed and all other items comprising said statement.  Are you guarantor upon any other bonds? _____ Endorser upon any note or other obligation? _____ Are there any judgments against you? _____

Explain "yes"  answers: _____

Indemnitor initials _____

Co-Indemnitor initials _____

Defendant initials _____

**TERMS OF RELEASE & DISCLOSURE FORM**

Bond Numbers: AS5-1411522, AS5-1411523, AS5-1411524, AS5-1411525, AS15-582601, AS5-1411526

Amount of Bond: $25,000.00       Premium: $2,500.00       Date: 16th day of November, 2021

I understand in signing this bond for obtaining the release of: RONDON, IVAN

**The Defendant MUST report to our office within 24 hours of release as a required condition of the bond.**

I am responsible for him/her appearing in Court each time he/she is so ordered; also I understand I am responsible for payment of any court costs fo non-appearance if he/she fails to follow any and all instructions or orders of the Court or forfeits this bond, and it becomes necessary to apprehend and surrender him/her to the Court, I understand I am responsible for any and all expenses incurred as a result of such forfeiture and further, if such forfeiture occurs and Defendant is not surrendered to the Court within time prescribed by law, I understand I am required to pay the FULL AMOUNT of the bond posted, including unpaid bail premium.

COLLATERAL cannot be returned until such times as the Company receives written notice from the Clerk of the Court. Defendant and Indemnitor must call American Surety Company d/b/a American Underwriters Surety Company or it's authorized agent should they move, change employment or if the phone number is changed or disconnected or any other condition changes relevant to the bond or indemnity application.

**Collateral is returned during normal business hours ONLY (Monday - Friday 9:00 AM - 6:00 PM)**

SHOULD THE DEFENDANT FAIL TO APPEAR FOR HIS/HER COURT DATE, THE FULL AMOUNT OF THE BOND IS DUE WITHIN 21

I hereby acknowledge that I am fully aware that under the terms and conditions of my
**BOND THAT I WILL *NOT*; WITHOUT THE WRITTEN CONSENT OF MY BAIL BONDS AGENT**

1. **LEAVE** Marion County, Change **address, phone** number, or place of **employment**

_____     _____
defendant              indemnitor

2. I am aware that my **FIRST** court date is:       in the Circuit Court on **Tuesday, December 14, 2021** at **09:00 AM** in room

It is the Defendants responsibility to double check with Marion County Clerk. Phone # 3526715674 Site: www.marioncountyclerk.org

3. I UNDERSTAND THAT I AM RESPONSIBLE FOR APPEARING AT ALL COURT DATES IN THIS CASE UNTIL THE CASE IS DISPOSED, and when my criminal case is over, I am required to bring the court disposition sheet from the court to A-1 Bail Bonds.

_____     _____
defendant              indemnitor

4. If the condition arises that I am rearrested while under bond at A-1 Bail Bonds, on another charge, in any county, in any state that I will contact my bondsman or any other associate at A-1 Bail Bonds.

_____     _____
defendant              indemnitor

5. I will check in check in **between 9am to 5pm** until my case is over:

_____     _____
defendant              indemnitor

**Not Required   Every  Wednesday   Daily**

6. I understand that failing to comply with ALL of these conditions will be a violation of my bond agreement and my bondsman reserves the right to revoke my bond and return me to the facility where my bond was posted.

_____     _____
defendant              indemnitor

**WAIVER OF RIGHTS**
**AUTHORIZATION FOR RELEASE OF PERSONAL INFORMATION**

In addition, the Defendant/Indemnitor hereby authorizes and directs his relatives, employers, bankers, the Federal Social Security Administration, the Internal Revenue Service, the State Department of Disability Insurance, the U.S. Armed Forces, the State Division of Motor vehicles, any and all County Boards of Education or School Boards, all municipal, County, State and Federal Law Enforcement Agencies, all power and utility companies all telecommunication carriers, ie. Paging, cellular phone, long distance and phone companies and any other persons or organizations having information concerning the defendant or indemnitor to give such information to American Surety Company d/b/a American Underwriters Surety Company or its authorized agent and its assigns and/or duly authorized representatives for the purpose of securing reimbursement for any expenses incurred as a result of Defendant's non-appearance. I specifically authorize ALL telecommunication carriers including cellular providers to release information and copies of records kept in the normal course of business which may include confidential CPNI information regarding my account pursuant to section 47-USC 222(c) (2) and FCC regulations (47 CFR Part 64, subpart U). The Defendant/Indemnitor hereby waives his/her rights with respect to the Privacy Act and authorizes the use of copies of this document by American Surety Company d/b/a American Underwriters Surety Company or its authorized agent and its assigns and/or duly authorized representatives.

I/We authorize A-1 Bail Bonds to verify my past and present employment earnings records, bank accounts, stockholdings, and any other asset balances that are needed to process my Indemnity application. I/We further authorize A-1 Bail Bonds to order a consumer credit report and verify other credit information, including past and present mortgages, landlord references, and release or disclose personal health information. I authorize the use of this waiver/release to be used by A-1 Bail Bonds or its agents until such time as all of my obligations to the court have been fulfilled and the Surety discharged of all liability thereunder; otherwise to remain in full force and effect.
I have read the above contract and understand it, and agree to fulfill ALL provisions therein.

SIGNED: _____
Indemnitor

_____
Co-Indemnitor

_____
Defendant

_____                    Thompson, Amanda
Agent

**A-1 Bail Bonds  ·  723 NW 30th Ave · Ocala, Florida 34475 ·  3527322808  ·  FAX 3527322808**

**YOU ARE ASSUMING SPECIFIC OBLIGATIONS - READ CAREFULLY! INDEMNITY AGREEMENT**

This AGREEMENT is made by and between the undersigned Defendant, Indemnitors, and American Surety Company

through its duly authorized Agent  A-1 Bail Bonds

WHEREAS, American Surety Company (herinafter called "Surety"), at the request of the Indemnitors has, or is about to become Surety on an appearance bond for RONDON, IVAN, Defendant in the sum of

Twenty Five Thousand  Dollars and Zero Cents                    Dollars (            $25000.00            )

by its certain bond executed on power of attorney number(s) AS5-1411522 ($5000.00), AS5-1411523 ($5000.00), AS5-1411524 ($5000.00), AS5-1411525

($2000.00), AS15-582601 ($7000.00), AS5-1411526 ($1000.00)

NOW, THEREFORE in consideration of the mutual promises and covenants contained herein, the parties jointly and severally agree as follows:

1. That the Indemnitors will have Defendant forthcoming before the Court named on said Bond at the time(s) therein fixed, and at such other times as may be ordered by the court.
2. For good and valuable consideration, the undersigned principal and/or indemnitor agree(s) to indemnify and hold harmless the Surety Company or its agent for all losses not otherwise prohibited by law or by rules of the department of insurance.  The indemnitors will at all time indemnify and save the Surety harmless from and against any and all claims, demands, liabilities, costs, charges, counsel fees, expenses, suits, orders, judgments or adjudications against it, by reason of its Suretyship, and before the Surety shall be required to pay the same.
3. The Indemnitors agree not to make, or attempt, any transfer of property, real or personal, in which they may have or may acquire any interest, and they agree that the Surety shall have a lien upon all property of Indemnitors for sums due Surety or for which Surety has or may become liable by reason of having executed the Bond referred to herein.
4. That the voucher, or any other evidence of any payment made by the Surety, by reason of this Suretyship, shall, in itself, be conclusive evidence of such payment as to the Indemnitors, their estate, and those entitled to share in their estate, and their successor and assigns.
5. That the Surety may withdraw, at any time provided by law, from its Suretyship upon the Bond or undertaking herein, without liability to any party.
6. That Indemnitors' liability to Surety is not limited to the Bond referred to herein, but shall apply to all other bonds or undertakings issued by Surety at the request of Indemnitors.
7. That Indemnitors' obligations and indemnities as contained herein shall not terminate upon exoneration of the bond or undertaking but shall continue until such time that Surety is relieved of all duties, demands, obligations, costs or expenses in any way related hereto.
8. That the waiver by Surety of any breach of any term or condition herein shall not be deemed a waiver of same of any subsequent breach of the same term or conditions, that failure of any Indemnitor to comply with the terms and conditions herein shall not act as or be construed as a release or waiver as to the remaining Indemnitor who shall remain liable and bound by all provisions of the Agreement.
9. This Agreement shall be construed and enforced under the laws of the State of Florida.  In the event any of the provisions of this Agreement are inconsistent with the laws of this State, this Agreement, as to these provisions only, shall be null and void, and the remainder shall be enforced with the same effect as though such provisions were omitted.
10. The use of the plural herein shall include the singular.  Obligations of the Indemnitors shall be joint and several and the provisions of this Agreement shall be binding upon Indemnitors' heirs, successors, representatives and assigns.

IN WITNESS WHEREOF, the parties have executed this Agreement this 16th day of November, 2021

The undersigned Defendant and Indemnitor(s) acknowledge receipt of this Financial Statement and Indemnity Agreement and have received a copy of all other documents signed relating to the bond(s).

_____          Signature of Defendant

                                          Signature of Co-Indemnitor

_____          Signature of Indemnitor

                                          Signature of Co-Indemnitor

# PROMISSORY NOTE

This Note is being executed by the undersigned to secure American Surety Company, as Surety, upon forfeiture or estreature of the surety bond(s) posted on behalf of the defendant named below.

**On demand** after date, for value received, I/We promise to pay to the order of American Surety Company

the sum of _____ Twenty Five Thousand Dollars and Zero Cents _____ Dollars.

( _____ $25000.00 _____ ), at P.O. Box 68932, Indianapolis, IN 46268,

With interest thereon at the rate of _____ **18** _____ per cent, per annum from Call Date until fully paid. **Interest payable semi-annually. The maker and endorser of this note further agree to waive demand, notice of non-payment and protest, and in case suit shall be brought for the collection hereof, or the same has to be collected upon demand of an attorney, to pay reasonable attorney's fees for making such collection.** After maturity, this Note shall bear interest at **18** per cent, per annum, payable semi-annually.

**It is further agreed and specifically understood that this Note shall become Null and Void in the event the said defendant** _____ RONDON, IVAN _____ **shall appear in the proper court at the time or times so directed by the Judge or Judges of competent jurisdiction until the obligations under the appearance bond or bonds posted on behalf of the defendant have been fulfilled and the Surety discharged of all liability thereunder, otherwise to remain in full force and effect.**

_____ SEAL
**Defendant**

**Date:** <u>DUE ON DEMAND OF FORFEITURE</u>

_____ SEAL
**Indemnitor**

_____ SEAL
**Indemnitor**

**(Defendant and Indemnitors must sign both the Promissory Note and Indemnity Agreement)**

# TERMS OF RELEASE & DISCLOSURE FORM

Bond Numbers: AS5-1411522, AS5-1411523, AS5-1411524, AS5-1411525, AS15-582601, AS5-1411526

Amount of Bond: $25,000.00          Premium: $2,500.00          Date: 16th day of November, 2021

I understand in signing this bond for obtaining the release of: RONDON, IVAN

**The Defendant MUST report to our office within 24 hours of release as a required condition of the bond.**

I am responsible for him/her appearing in Court each time he/she is so ordered; also I understand I am responsible for payment of any court costs for non-appearance if he/she fails to follow any and all instructions or orders of the Court or forfeits this bond, and it becomes necessary to apprehend and surrender him/her to the Court, I understand I am responsible for any and all expenses incurred as a result of such forfeiture and further, if such forfeiture occurs and Defendant is not surrendered to the Court within time prescribed by law, I understand I am required to pay the FULL AMOUNT of the bond posted, including unpaid bail premium.

COLLATERAL cannot be returned until such times as the Company receives written notice from the Clerk of the Court. Defendant and Indemnitor must call American Surety Company d/b/a American Underwriters Surety Company or it's authorized agent should they move, change employment or if the phone number is changed or disconnected or any other condition changes relevant to the bond or indemnity application.

## Collateral is returned during normal business hours ONLY (Monday - Friday 9:00 AM - 6:00 PM)

SHOULD THE DEFENDANT FAIL TO APPEAR FOR HIS/HER COURT DATE, THE FULL AMOUNT OF THE BOND IS DUE WITHIN 21

I hereby acknowledge that I am fully aware that under the terms and conditions of my
**BOND THAT I WILL _NOT_; WITHOUT THE WRITTEN CONSENT OF MY BAIL BONDS AGENT:**

1. **LEAVE** Marion County, Change **address, phone** number, or place of **employment**

   defendant _____ indemnitor _____

2. I am aware that my **FIRST** court date is:     in the Circuit Court on **Tuesday, December 14, 2021** at **09:00 AM** in room _____

   It is the Defendants responsibility to <u>double check</u> with Marion County Clerk. Phone # 3526715674 Site: www.marioncountyclerk.org

3. I UNDERSTAND THAT I AM RESPONSIBLE FOR APPEARING AT ALL COURT DATES IN THIS CASE UNTIL THE CASE IS DISPOSED, and when my criminal case is over, I am required to bring the court disposition sheet from the court to A-1 Bail Bonds.

   defendant _____ indemnitor _____

4. If the condition arises that I am rearrested while under bond at A-1 Bail Bonds, on another charge, in any county, in any state that I will contact my bondsman or any other associate at A-1 Bail Bonds.

   defendant _____ indemnitor _____

5. I will check in check in between **9am to 5pm** until my case is over:

   defendant _____ indemnitor _____

6. I understand that failing to comply with ALL of these conditions will be a violation of my bond agreement and my bondsman reserves the right to revoke my bond and return me to the facility where my bond was posted.

   **Not Required     Every Wednesday     Daily**

   defendant _____ indemnitor _____

### WAIVER OF RIGHTS
AUTHORIZATION FOR RELEASE OF PERSONAL INFORMATION

In addition, the Defendant/Indemnitor hereby authorizes and directs his relatives, employers, bankers, the Federal Social Security Administration, the Internal Revenue Service, the State Department of Disability Insurance, the U.S. Armed Forces, the State Division of Motor vehicles, any and all County Boards of Education or School Boards, all municipal, County, State and Federal Law Enforcement Agencies, all power and utility companies all telecommunication carriers, ie. Paging, cellular phone, long distance and phone companies and any other persons or organizations having information concerning the defendant or indemnitor to give such information to American Surety Company d/b/a American Underwriters Surety Company or its authorized agent and its assigns and/or duly authorized representatives for the purpose of securing reimbursement for any expenses incurred as a result of Defendant's non-appearance. I specifically authorize ALL telecommunication carriers including cellular providers to release information and copies of records kept in the normal course of business which may include confidential CPNI information regarding my account pursuant to section 47-USC 222(c) (2) and FCC regulations (47 CFR Part 64, subpart U). The Defendant/Indemnitor hereby waives his/her rights with respect to the Privacy Act and authorizes the use of copies of this document by American Surety Company d/b/a American Underwriters Surety Company or its authorized agent and its assigns and/or duly authorized representatives.

I/We authorize A-1 Bail Bonds to verify my past and present employment earnings records, bank accounts, stockholdings, and any other asset balances that are needed to process my Indemnity application. I/We further authorize A-1 Bail Bonds to order a consumer credit report and verify other credit information, including past and present mortgages, landlord references, and release or disclose personal health information. I authorize the use of this waiver/release to be used by A-1 Bail Bonds or its agents until such time as all of my obligations to the court have been fulfilled and the Surety discharged of all liability thereunder; otherwise to remain in full force and effect.
I have read the above contract and understand it, and agree to fulfill ALL provisions therein.

SIGNED: _____          _____
        Indemnitor                        Defendant

       X_____           _____
        Co-Indemnitor                     Agent          Thompson, Amanda

**A-1 Bail Bonds  · 723 NW 30th Ave · Ocala, Florida 34475 · 3527322808 · FAX 3527322808**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this _____ day of _____ 20 ____ a true copy of the foregoing has been furnished to the following:

Pamela Schneider, Counsel for DOR, 3 SE 1st Avenue, Gainesville, FL 32601
Department of Revenue, C.S.E., Attn.: Monica Waldren, 5431 E. Silver Springs Blvd, Ste., 2, Silver Springs, FL 34488-1736
Respondent, _____
MCSO – Marion County Jail

                                        _____
                                        Clerk/Judicial Assistant

MCCC – CASE INTAKE
NOV 15 '21 AM8:42

48-Hour Review Order
Revised July 24, 2018 AMC

Filing # 115184976 E-Filed 10/19/2020 12:54:35 PM



STATE OF FLORIDA, COUNTY OF MARION
I HEREBY CERTIFY that the foregoing is a true and
correct copy of pages ____ through 2 of the
instrument filed in this office.
The original instrument filed contains 2 pages
☐ This copy has no redactions.
☐ This copy has been redacted pursuant to law.
DAVID R. ELLSPERMANN, Clerk of the Circuit Court
and Comptroller
Dated _____

IN THE CIRCUIT COURT OF FLORIDA, FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY

Florida Department of Revenue
o/b/o
Konstantina Vasiliou
    Petitioner,

vs.

Ivan Rondon
    Respondent.

_____/

CASE NO. 42-2006-DR-1645-HG

ZLRA# 143642293
CSE # 1167659015

## WRIT OF BODILY ATTACHMENT
### (Child Support)

**TO ALL AND SINGULAR SHERIFFS AND OTHER AUTHORIZED LAW ENFORCEMENT PERSONNEL OF THE STATE OF FLORIDA:**

    YOU ARE ORDERED to take into custody Ivan Rondon (see attached Description Sheet), and confine him/her in the county jail. The individual failed to appear before the court as ordered, failed to appear at a properly noticed hearing, and/or failed to comply with the previous order of the court which is attached and incorporated herein.

    Service of this Writ may be made on any day of the week and any time of the night or day, including Sunday and holidays.

    YOU ARE FURTHER DIRECTED to bring this person before the court within 48 hours of execution of the writ for a hearing to determine the individual's present ability to pay support and, if so, whether the failure to pay such support is willful, pursuant to Rule 12.615(c)(2)(B), Florida Family Law Rules of Procedure

    NOTICE OF EXECUTION OF THIS WRIT SHALL IMMEDIATELY BE GIVEN TO THE FOLLOWING: [choose all that apply]

    __x__ The Office of the Child Support Hearing Officer: CSHO at (352) 401-6797

    __x__ Counsel for the Department of Revenue, by email to hurd@scwlegal.org or by telephone at (352) 378-9751.

    _____ Department of Revenue:

    IT IS FURTHER ORDERED that the individual may purge this contempt and be immediately released from custody at any time by the payment of the sum of $1198.00. which includes (if applicable):

$1000.00, to be applied to unpaid support,

$90.00, Sheriff's fee,

$108.00, Department of Revenue costs,

_____, other

    The court previously found in this proceeding that the individual had the ability to pay said sum. The Sheriff, or other authorized law enforcement personnel, executing this writ or having custody of the individual is authorized to assess and collect the actual costs associated with service of this writ and transportation of the individual pursuant to Section 61.11(2)(a), Florida Statutes.

    PAYMENT SHALL BE MADE to the Sheriff of Marion County, Florida and shall be in the form of cash, cashier's check, certified funds, or money order. The purge payment, clearly marked with the individual's name and case number, and denoted as a purge payment shall be remitted to [choose all that apply]:

    _____ The Office of the Clerk of Circuit Court for Marion County, Florida

    __x__ The State of Florida Disbursement Unit, P. O. Box 8500, Tallahassee, FL 32314-8500.

    The Sheriff's office, or other authorized law enforcement personnel's office, receiving payment shall provide the individual with a written receipt acknowledging payment. The receipt must be carried by the individual for a period of at least 30 days as proof of payment.

    If the individual pays the purge and secures his/her release, the sheriff shall immediately notify the Child Support Hearing Officer.

    **THIS ORDER SUPERSEDES ALL PRIOR CONFLICTING ORDERS.**

DONE and ORDERED this __19__ day of October, 2020.

_____
CIRCUIT JUDGE

Exhibit C - Psychiatric Diagnosis and Medication Records

Documentation confirming Plaintiff's diagnosis of schizophrenia and anxiety.

Includes prescriptions for Risperdal and Buspirone.

TB250-HAMILTON ANNEX
10650 SW, 46th St.   Jasper, FL 32052
3867926001  Fax: 3867925259

*January 17, 2024*
Page 1
FL MH Case Manager

**IVAN RONDON**
DC#: U05734
Race/Sex: Hispanic / Male
DOB: 11/28/1980
Facility: 250-HAMILTON ANNEX

**01/03/2024 - FL MH Case Manager:  : Pre-Release HC Summary MH-EOS, summary of OP MH Care**
**Provider: Monica M Roberts, MHP, Centurion**
**Location of Care: 250-HAMILTON ANNEX**

FLORIDA DEPARTMENT OF CORRECTIONS OFFICE OF HEALTH SERVICES

## SUMMARY OF OUTPATIENT MENTAL HEALTH CARE

### REASON TREATMENT SUMMARY PREPARED
Facilitate aftercare planning; outpatient care continues.
**Date treatment started** 11/30/2023
**Tentative release date**
02/07/2024

### I. Identifying Data:
**Age** 43 Years Old  **Sex** Male  **Sentence:** 1 YRS 6 MOS 0 DAYS
**Crime:** FLEE LEO/NO REGARD, OBSTRUCT CRIME INVESTIGATION, COCAINE - POSSESSION, POSS.CONTROL.SUBS/OTHER
**Date Entered FDC** 05/22/2023

### II. Relevant Mental Health History:
Patient has a history of mental health services prior to incarceration. Per BPSA, patient saw a psychiatrist at age 10. Patient received outpatient treatment at the Centers in Ocala since 2011.  He was prescribed seroquel and celexa.  Patient was baker acted twice for delusions and behavior issues, last time was a year ago. Patient reported hearing voices outside his head at a early age, but states he is ashamed to bring it up to MHP. Patient receives outpatient services while incarcerated. Patient does not have any history of SHOS, MHOS, TCU, or CSU. Patient is diagnosed with Generalized Anxiety Disorder, Post Traumatic Stress Disorder, and Schizophrenia and prescribed Aripiprazole(hallucinations) and citalopram hydrobromide(depression/anxiety).

### III. Problems that were the Focus of Treatment:
118: Hallucinations
309: Aftercare Planning
113: Depression
105: Anxiety

### IV. Course of Treatment and Patient Progress:
Patient receives counseling every 30 days while in confinement and 60 days in general population. Patient refused his last appointment with MHP dated on 01/03/2024. Patient did see the psych provider on 12/19/2023 and he reported still hearing voices. Patient seen MHP on 12/04/2023 in which he reported hallucination 5/7 days, throughout the day, and 5/10 intensity. Patient denied symptoms of and anxiety and depression.

### V. Beginning ICD-10 Diagnosis:
F43.10 Post Traumatic Stress Disorder
F20.9 Schizophrenia
F41.1 Generalized Anxiety Disorder

Exhibit D - Notarized Affidavit of Brenda Weber

Eyewitness account verifying Plaintiff's bond posting, denial of release, and condition after release.

Details her phone calls and in-person interactions with jail staff.

7/2/25, 3:45 PM
Court - brendaweb512@gmail.com - Gmail
Case 5:25-cv-00471-SDM-PRL     Document 1     Filed 07/29/25     Page 50 of 63 PageID 50

I, BRENDA WEBER , declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1. My name is BRENDA WEBER, and I am over the age of 18. I reside in [City, County, State].    *Ocala F*

2. I was the fiancée of IVAN RONDON at the time of his incarceration in November 2021. I was closely involved in all matters relating to his arrest, bond, and anticipated release.

3. On or about November 14, 2021, I was informed that IVAN RONDON had been given a bond/purge amount and that all financial obligations required for his release were satisfied shortly thereafter, including payment of the bond and the child support purge amount.

4. I expected his release to occur promptly, but he was not released. I began calling the jail's booking department multiple times each day to inquire about his status.

5. Over the course of the next three days—specifically on November 15, 16, and 17, 2021—I spoke to several members of the jail staff and booking officers. Each time, I was either told:

That he would be released "any minute now,"

That they had no current update,

Or that "it's being processed."

6. Despite these repeated assurances, no action was taken to release him. I was given inconsistent information and received no clear explanation as to why he was still in custody even though all conditions for release had been met.

7. I was extremely distressed during this time. I witnessed firsthand the emotional and mental toll this took on IVAN RONDON, as I spoke with him by phone during this time, and he was clearly upset, confused, and frustrated.

8. On November 18, 2021, after continued pressure and repeated inquiries, IVAN RONDON was finally released from custody. This was three days after he should have been released based on the court's order and satisfaction of all financial obligations.

9. I am willing to testify under oath in court to the above facts, including the communication I had with jail staff, the repeated runaround I received, and the impact this unlawful delay had on both of us.

Executed this _2__ day of ____JULY_____, 2025, in [City, State].

Signature: _____
Printed Name: _____BRENDA WEBER_____
Phone Number: _____352-648-2909_____
Email Address    BRENDAWEB512@GMAIL.COM

Exhibit E - Names and Shifts of Jail Officers


Roster showing correctional staff working on November 17-18, 2024.

Identifies Sgt. Bowley, who denied release and misinformed Plaintiff.

## EXHIBIT
E
Detention Officer Shift Assignments

This exhibit summarizes the detention personnel assigned to booking and inmate supervision at Marion County Jail during Plaintiff Ivan Rondon's wrongful detention between November 1618, 2021. The extracted rosters identify which officers and sergeants were on duty during day and night shifts as documented in the Marion County Sheriff's Office Detention Personnel Post Assignments.

These records support the Plaintiff's claim that numerous staff were made aware of his legal compliance, medical condition, and repeated requests for release and medication, yet failed to act.

| Date | Shift | Sergeant | Officer / ID |
|------|-------|----------|--------------|
| 11/16/2021 | Day (A-1) | Joanne Diaz | Martinez, ID# 5540 |
| 11/16/2021 | Day (A-1) | Joanne Diaz | Muti, Nicholas 5816 |
| 11/16/2021 | Day (A-1) | Joanne Diaz | F. Allen, Frances 5253 |
| 11/16/2021 | Day (A-1) | Joanne Diaz | Newton, Elisa 5277 |
| 11/16/2021 | Day (A-1) | Joanne Diaz | Snipes (FTO), Cheryl 6541 |
| 11/16/2021 | Night (A-2) | Brenda Flaherty | Valdez, Kristopher 6161 |
| 11/16/2021 | Night (A-2) | Brenda Flaherty | Courtney, Marissa 5963 |
| 11/16/2021 | Night (A-2) | Brenda Flaherty | Bowey, Nathan 5763 |
| 11/16/2021 | Night (A-2) | Brenda Flaherty | Chybar, Ronald 6067 |
| 11/16/2021 | Night (A-2) | Brenda Flaherty | Milkovitz, Adam 6001 |
| 11/16/2021 | Night (A-2) | Brenda Flaherty | Rafferty, DiTaylor 6144 |
| 11/16/2021 | Night (A-2) | Brenda Flaherty | Rivera, Karina 6575 |
| 11/17/2021 | Day (B-1) | Tammy Counts | Spicher, Greg 4923 |
| 11/17/2021 | Day (B-1) | Tammy Counts | Frye, Amanda 6701/6134 |
| 11/17/2021 | Day (B-1) | Tammy Counts | Kristensen, Christopher 6491 |

| 11/17/2021 | Day (B-1) | Tammy Counts | Perez, Madeline 5861 |
| 11/17/2021 | Day (B-1) | Tammy Counts | Corvo, Tamara 2359 |
| 11/17/2021 | Day (B-1) | Tammy Counts | Alvarez, Maria 6245 |
| 11/17/2021 | Night (B-2) | Timothy Grimes | Perez, Shauna 5521 |
| 11/17/2021 | Night (B-2) | Timothy Grimes | Davis, Samantha 5678 |
| 11/17/2021 | Night (B-2) | Timothy Grimes | Rivera-Ortiz, Stephen 6176 |
| 11/17/2021 | Night (B-2) | Timothy Grimes | Yancey, Timothy 5943 |
| 11/17/2021 | Night (B-2) | Timothy Grimes | Chybar (TOW), Ronald 6067 |
| 11/17/2021 | Night (B-2) | Timothy Grimes | Gatyas, Madison 6485 |
| 11/18/2021 | Night (B-2) | Lauren Miley | Perez, Shauna 5521 |
| 11/18/2021 | Night (B-2) | Lauren Miley | Bowley, William 5799 |
| 11/18/2021 | Night (B-2) | Lauren Miley | Mitzkovitz, Zachary 6049 |
| 11/18/2021 | Night (B-2) | Lauren Miley | Davis, Jonathan 5801 |
| 11/18/2021 | Night (B-2) | Lauren Miley | Hill, Natalie 6571 |



11-16-21  Nigh...



***SHERIFF*** - Marion County
DETENTION PERSONNEL POST ASSIGNMENTS

| DATE: 11/16/21 | SHIFT: A-2 | WATCH COMMANDER: |
|---|---|---|

| SECTOR 4 | | |
|---|---|---|
| SERGEANT | | |
| SGT FLAHERTY, *Brenda* | | |
| **BOOKING DOG** | | |
| VALDEZ, *Alejandro* 6358 | | |
| COUNTS, *Melissa* 6330 | | |
| ROXAS, *Nathan* 3993 | | |
| CHERRY, *Bryan M* 6667 | | |
| MIZDONITZ, *Zachary* 6681 | | |
| **BOOKING DAY** | | |
| RAFFERTY L.O., *Taylor* 6769 | | |
| RIVERA, *Karina* 6595 | | |



11-16-21 Days...

### SHERIFF - Marion County
#### DETENTION PERSONNEL POST ASSIGNMENTS

| DATE: 11/16/2021 | SHIFT: A-1 | WATCH COMMANDER |
|---|---|---|

| SECTOR 4 | | |
|---|---|---|
| SERGEANT (DS1) | | |
| DIAZ, Jeanne | | |
| BOOKING (DD) (*) | | |
| MARTINEZ, Mia 5290 | | |
| MUTI, Nicholas 8860 | | |
| F. ALLEN, Francis 5252 | | |
| NEWTON, Lisa 6329 | | |
| BOOKING (DA) (*) | | |
| SNIPES (PTO), Cheryl 6564 | | |



11-17-21   Nig...



**SHERIFF** • Marion County
DETENTION PERSONNEL POST ASSIGNMENTS

DATE: 11/17/2021 | SHIFT: B-2 | WATCH COMMANDER:

| SECTOR & SERGEANT | |
|---|---|
| SGT. GRIMES *Timothy* | |
| BOOKING (DD) | |
| PERRY, *Shaun* | 531 |
| S. DAVIS, *Samantha* | 5745 |
| RIVERA-ORTIZ, *Stephanie* | 6878 |
| YANCEY, *Tony* | 6581 |
| CHYPRE [DH1] (930-0930) *Xiona* | |
| BOOKING (DA) [TL] | 6067 |
| GATYAS, *maddison* | 6435 |

11-18-21 Nigh...



**SHERIFF** - Marion County
DETENTION PERSONNEL POST ASSIGNMENTS

| DATE: 11/18/2021 | SHIFT: 6-2 | WATCH COMMANDER: |

SECTOR 4
SERGEANT
SGT MILEY, *Lauren*
BOOKING (DD)
PEREZ *Shaun* 5511
BOWLES 1600-0345, *Nathan*
MITZKOVITZ, *Zachary*
E. DAVIS 0330-0600 *Stinson, Pau*
5746
BOOKING (DA)
MILI, *Natalie* 6547



11-17-21   Day...

**SHERIFF** - Marion County
DETENTION PERSONNEL POST ASSIGNMENTS

| DATE: 11/17/21 | SHIFT: B-1 | WATCH COMMANDER: |

SERGEANT 6398
SGT. COUNTS, Tammy

**BOOKING (DD)**
SPICHER, Greg   5488
FRYE, Maddison   8-016486
KRISTENSEN, Christopher 6561
PEREZ, madeline  8701
          5891

**BOOKING (DA)**
CORVO, Teana  6239
ALVAREZ, Maria  6245

Ivan Rondon
156 Marion Oaks Lane
Ocala, FL 34473
Redemption1128@gmail.com
352-496-2592

10/8/2024

**VIA CERTIFIED MAIL**
**Sheriff Billy Woods**
**Marion County Sheriff's Department**
692 NW 30th Ave
Ocala, FL 34475

**RE: Wrongful Detention and Demand for Compensation**

**Dear Sheriff Billy Woods and The Marion County Sheriff's Department,**

I am writing to formally demand compensation for the wrongful detention I endured at Marion County Jail from **November 16, 2021**, to **November 18, 2021**. This letter outlines the facts of my case and the legal basis for my claim, drawing relevance from the **Nevelle Brooks vs. Woods** case. This unlawful and unjust detention caused significant emotional distress, financial hardship, physical injury, and reputational damage.

## Facts of the Case

1. **Court Hearing on November 14, 2021:**
   During my court hearing on this date, the court reduced my child support purge from **$1,198** to **$200**, and I was sentenced to **30 days in jail or pay the $200 purge**. Additionally, my bail on a separate felony case was raised to **$25,000**.
2. **Payment on November 15, 2021:**
   On November 15, 2021, my fiancée went to the courthouse to pay the **$200 purge** as ordered. However, due to an administrative failure to update the records from the November 14 hearing, she was forced to pay the full amount of **$1,198**.
3. **Posting Bail on November 16, 2021:**
   On November 16, 2021, I posted bail, meeting all legal and financial requirements for my immediate release. Despite this, I was wrongfully detained for an additional **two days** with no legal justification.
4. **Emergency Release on November 18, 2021:**
   Upon realizing the error, I was emergency-released from Marion County Jail on **November 18, 2021**, at which time it was acknowledged that there was no valid legal reason to hold me beyond November 16.

## Mistreatment and Negligence at Marion County Jail

During my wrongful detention, I experienced **mistreatment** and **humiliation** at the hands of correctional officers. I repeatedly informed the officers of the mistake, only to be mocked, called a liar, and denied proper medical treatment, including **psychotropic medication** for my diagnosed mental health conditions such as **schizophrenia** and **anxiety**.

I was also involved in a physical altercation with another inmate over the bottom bunk, resulting in an injury to my **jaw**, which I did not report to avoid further delays in my release. I have since sought medical attention, and I have evidence of a **malunion of my jaw** due to the incident.

## Legal Basis for Claim

The wrongful detention and the mistreatment I suffered while in custody were violations of my rights under both state and federal law, including the **Eighth and Fourteenth Amendments** of the **U.S. Constitution**, which protect against cruel and unusual punishment and ensure due process.

The **Nevelle Brooks vs. Woods** case is particularly relevant as it underscores the responsibility of law enforcement agencies to release detainees promptly when they have fulfilled court-ordered requirements. In Mr. Brooks' case, he was wrongfully held for **12 hours** and was awarded **$150,000** in compensation for the violation of his civil rights. In my case, I was unlawfully detained for **two full days**, suffering greater harm, both physically and emotionally.

## Damages Incurred

As a result of this wrongful detention, I have incurred significant damages, including:

1. **Emotional Distress**:
   The additional two days of detention caused extreme emotional and mental distress. As a diagnosed **schizophrenic** and a person living with **PTSD** and **anxiety**, this unlawful detention severely aggravated my condition. My anxiety skyrocketed, leading to **chest pains**, and I had to be placed on an **EKG** twice while in custody. The mistreatment by officers worsened my mental state, causing lasting trauma.
2. **Financial Losses**:
   ○ I was wrongfully forced to pay **$998** more than required due to the court's failure to update the records from the November 14 hearing.
   ○ Additionally, I incurred **$5,000** in lost wages due to my extended and unjust detention.
3. **Physical Injury**:
   During my wrongful detention, I suffered a **jaw injury** in an altercation with another inmate. Despite the injury, I refrained from reporting it to avoid further delay in my release. I now have medical evidence showing a **malunion of my jaw**, which has caused me ongoing pain and discomfort.
4. **Legal Fees**:
   I have incurred **$2,500** in legal fees while seeking redress for this wrongful detention and the administrative errors committed by the Marion County Sheriff's Office.

## Demand for Compensation

Given the circumstances and the legal precedents, I demand the following compensation:

1. **Emotional Distress**: Compensation of **$500,000** for the mental and emotional anguish caused by the wrongful detention, the deterioration of my mental health, and the lasting trauma I continue to experience.
2. **Financial Losses**:
   - Reimbursement of **$998** for the overpayment due to the court's failure to update records.
   - **$5,000** in compensation for lost wages caused by the extended and wrongful detention.
3. **Physical Injury**: Compensation for the injury to my jaw, including pain and suffering resulting from the altercation during my wrongful detention.
4. **Legal Fees**: Reimbursement of **$2,500** for legal fees incurred in addressing this wrongful detention.
5. **Punitive Damages**: Compensation to serve as a deterrent to future negligence and misconduct by the Sheriff's Office in handling detainees.
6. **Written Apology**: A formal written apology from the Marion County Sheriff's Department for the unlawful detention and violation of my civil rights, as well as the mistreatment I endured during this period.

## Response Requested

I expect a response to this demand within **30 days** from the date of receipt of this letter. Failure to provide a satisfactory response will leave me no choice but to pursue legal action to seek full compensation for all damages incurred, including filing a lawsuit under **42 U.S.C. § 1983** for violation of my civil rights.

Please direct all further correspondence regarding this matter to my attention at the address and phone number listed above.



Sincerely,

*Ivan Rondon*